IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JIM CARDWELL, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | EP-12-CV-131-KC |
| | § | |
| ORSA INSTITUTE, LLC, The 20-20 | § | |
| LEADERSHIP FOUNDATION, RICK | § | |
| SEEBERGER, | § | |
| | | |
|    Defendants. | | |

## ORDER

On this day, the Court sua sponte considered the above-captioned cause. For the reasons set forth below, the Court finds that it lacks subject matter jurisdiction over the case and remands the case to El Paso county court.

**I.    BACKGROUND**

The following facts are taken from Plaintiff's Third Amended Petition which is the operative Complaint in this case. *See* Notice of Removal Ex. 2 ("Plaintiff Jim Cardwell's Third Amended Petition, Application for Turnover Order, and Request for Temporary and Permanent Injunctive Relief" ("Petition")), ECF 1-2. Plaintiff filed the Petition in County Court at Law No. 3 in El Paso County, Texas on March 7, 2012. Pet. 1. In the Petition, Plaintiff alleges that on July 29, 2010, Plaintiff was awarded a default judgment against Defendant ORSA Institute ("ORSA"), in the principal amount of $110,437.90, plus attorneys' fees in the amount of $1,225.00, and postjudgment interest at the rate of four per cent per annum. Pet. 2. The

judgment also foreclosed upon Plaintiff's security interest in all of ORSA's assets and granted Plaintiff the right to take possession of all of ORSA's assets.  *Id.*

In the Petition, Plaintiff seeks an order for ORSA to turn over all assets to the El Paso County Sheriff's Department so that they may be sold under writ of execution with proceeds applied to Plaintiff's judgment against ORSA.  Pet. 3.  Further, Plaintiff alleges that Defendant Rick Seeberger ("Seeberger") transferred ORSA's assets, including certain intellectual property (the "Intellectual Property"), to Seeberger's own company, Defendant 20-20 Leadership Foundation ("20-20") with the intent to defraud Plaintiff.  Pet.3-5.  Plaintiff seeks to void the alleged fraudulent transfer and to enjoin Defendants Seeberger and 20-20 from further disposition of the Intellectual Property.  *Id.*  Plaintiff also seeks to recover damages from Seeberger and 20-20 for the alleged fraudulent transfer.  Pet. 5.  Finally, Plaintiff seeks temporary and permanent injunctive relief to prevent Seeberger and 20-20 from altering and using ORSA's intellectual property.  Pet. 6.

On April 10, 2012, Seeberger, appearing pro se, removed the case to this Court.  Notice of Removal 1, ECF No. 1.  In the Notice of Removal, Seeberger asserts that removal is proper because Plaintiff's claims against him "raise questions of federal law, including the rightful ownership of the Federal Trademark Registrations . . . , the ownership of copyrighted works under federal law, and the ownership of derivative works under 17 U.S.C. § 106." *Id.* at 2. Moreover, Seeberger explains that he transferred the Intellectual Property to ORSA while he was involved in bankruptcy proceedings in 2008.  *Id.* at 3.  Seeberger claims that at the time of the transfer of assets, the Intellectual Property was part of the bankruptcy estate, yet the bankruptcy court did not approve the transfer.  *Id.* at 5.  Therefore, Seeberger states that a federal question

exists regarding ownership and validity of the transfer of the Intellectual Property because such determinations involve federal trademark and copyright law, and because the transfer occurred during his bankruptcy "in the context of a Title 11 proceeding." *Id.* at 7.

On June 11, 2012, the Court ordered Seeberger to file a brief on or before June 29, 2012, demonstrating the basis for the Court's jurisdiction. Order, ECF No 9. On June 22, 2012, Seeberger requested an extension of time to file his brief until July 19, 2012, which the Court granted. Mot. to Continue, ECF No. 10; Order ECF No. 11. On July 13, 2012, Seeberger requested an additional extension which the Court denied on July 16, 2012. Mot. to Continue ECF No. 14; Text Order, July 16, 2012.

## II.     DISCUSSION

### A.     Standard

A defendant may remove a case to the federal district court in the division embracing the place where such action is pending in state court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). The district court is required to remand a case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction over the case. *Id.* § 1447(c). The removal statutes are to be construed strictly against removal and in favor of remand. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988); *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).

### B.     Analysis

Upon reviewing the Petition, the Court is convinced that it is without subject matter jurisdiction to consider this case. Plaintiff's Petition asserts only state law claims. And, Seeberger's basis for this Court's removal jurisdiction –the issue of ownership of intellectual

property based upon copyright and trademark law and the transfer of assets during the pendency of a bankruptcy case– are only possible defenses involving federal law.  It is well-settled federal law that defenses involving federal law by themselves generally do not imbue this Court with federal question subject matter jurisdiction.

When removing a case to federal court based upon federal question jurisdiction, as is the case here, the federal question must ordinarily appear on the face of a properly pleaded complaint.  *Jefferson Cnty, Ala. v. Acker*, 527 U.S. 424, 430-31 (1999) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).  "[A]n anticipated or actual federal defense generally does not qualify a case for removal."  *Id.* at 431 (citing *Mottley*, 211 U.S. at 152).

In his state court Petition, Plaintiff seeks an order of turnover as well as legal and equitable relief based upon Defendants Seeberger and 20-20's alleged fraudulent transfer of the Intellectual Property.  Pet. 1-6.  The basis for Plaintiff's turnover claim, the Texas turnover statute, is "a procedural device by which judgment creditors may reach assets of a debtor that are otherwise difficult to attach or levy on by ordinary legal process."  *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 224 (Tex. 1991) (citing Tex. Civ. Prac. & Rem. Code Ann. § 31.002 (West 2008)).  The basis for Plaintiff's fraudulent transfer claim is the Texas Unified Fraudulent Transfer Act.  *See* Tex. Bus. & Com. Code sec. 24.001 *et seq*; *see also Nobles v. Marcus*, 533 S.W.2d 923, 925 (Tex. 1976) (applying Texas law and explaining that fraudulent conveyance claims are separate from fraud claims under Texas law).  Because Plaintiff has brought suit under the Texas turnover and fraudulent transfer statutes, and related Texas common law, it is clear that Plaintiff's claims are based upon Texas law, not federal law.  Without a federal claim on the face

of Plaintiff's well-pleaded complaint, this Court is without federal question subject matter jurisdiction. *See Acker*, 527 U.S. at 430-31; *Mottley*, 211 U.S. at 152.

Seeberger's attempt to create federal jursidiction based upon his proposed federal defenses related to copyright, trademark, and bankruptcy, is of no avail. As explained above, a federal defense generally does not qualify a case for removal. *Acker*, 527 U.S. at 430-31 (citing *Mottley*, 211 U.S. at 152). Indeed, the Fifth Circuit has specifically noted that raising copyright ownership as a defense to a plaintiff's state law claims would not endow a federal court with subject matter jurisdiction. *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 575 n.4 (5th Cir. 2003) (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)).

Likewise, 28 U.S.C. § 1334, pertaining to district court jurisdiction over bankruptcy cases, is fruitless for Seeberger. Section 1334(a) grants the district courts original and exclusive jurisdiction over "all cases under title 11," while § 1334(b) grants original but not exclusive jurisdiction of "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a)-(b); *see Champions Truck and Equip. v. Patterson*, No. H-08-0108, 2008 WL 2810608, at *4 (S.D. Tex. Jul. 21, 2008). An action is "related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and in any way impacts the handling and administration of the bankrupt estate." *In re Maples*, 529 F.3d 670, 672 (5th Cir. 2008); *Patterson*, 2008 WL 2810608, at *4.

Seeberger's defense would not reopen the bankruptcy case nor would it involve revoking any bankruptcy discharge. This defense would not affect the management and administration of the bankruptcy estate. Rather, Seeberger seeks to cloud the ownership of the Intellectual Property by questioning the validity of the transfer of the Intellectual Property to ORSA during

the 2008 bankruptcy proceedings. Asserting that the transfer of these assets "occurred in the context of a Title 11 proceeding" does not create a basis for related-to jurisdiction under § 1334. *See Patterson*, 2008 WL 2810608, at *4.

Finally, the Court does not have diversity jurisdiction to consider this matter either. Title 28 U.S.C. § 1332 provides that the district court has jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332. In order to remove a lawsuit to federal court based upon diversity jurisdiction, there must be "complete diversity" of citizenship. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). That is, "a district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants." *Id.* (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). Moreover, the removal statute, 28 U.S.C. § 1441, provides that a case may not be removed based upon diversity jurisdiction if one of the defendants is a citizen of the state in which the action has been brought. 28 U.S.C. § 1441(b)(2).

In this case, the Court does not have diversity jurisdiction because there is not complete diversity of citizenship. Plaintiff Jim Cardwell and Defendant Rick Seeberger are both citizens of Texas, as are some of the corporate Defendants. Further, Defendant Seeberger is a citizen of Texas and thus may not remove the case based upon diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(2).

In sum, this case involves nothing more than Plaintiff's attempt to collect on a state court judgment. There is no basis for the Court's subject matter jurisdiction.

### III. CONCLUSION

For the reasons set forth above, the Court is without subject matter jurisdiction to hear the case. Accordingly, it is hereby **ORDERED** that the case be **REMANDED** to County Court at Law Number Three, El Paso County, Texas.

The Clerk shall close the case.

**SO ORDERED.**

**SIGNED** on this 6th day of August 2012.

_____
**KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE**